ORIGINAL

1   LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2   WILLIAM S. LERACH (68581)
    billl@lerachlaw.com
3   TOR GRONBORG (179109)
    torg@lerachlaw.com
4   JEFFREY D. LIGHT (159515)
    jeffl@lerachlaw.com
5   401 B Street, Suite 1600
    San Diego, CA  92101
6   Telephone:  619/231-1058
    619/231-7423 (fax)
7
    SCOTT + SCOTT, LLC
8   ARTHUR L. SHINGLER III (181719)
    401 B Street, Suite 307
9   San Diego, CA  92101
    Telephone: 619/233-4565
10  619/233-0508 (fax)
11  Co-Lead Counsel for Plaintiffs
12

FILED
CLERK, U.S. DISTRICT COURT
OCT ☐ 5 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ___
Send ___
Clsd ___
Enter ___
JS-5/JS-6 ___
JS-2/JS-3 ___

ENTERED
CLERK, U.S. DISTRICT COURT
OCT - 7 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
SEP 30 2005
CENTRAL DISTRICT OF CALIFORNIA
BY

13

14          UNITED STATES DISTRICT COURT

15          CENTRAL DISTRICT OF CALIFORNIA

16              WESTERN DIVISION

17  In re BLUE RHINO CORP.          )   Master File No.
    SECURITIES LITIGATION           )   CV-03-3495-MRP(AJWx)
18  ────────────────────────────    )
                                     )   (Consolidated with Nos. CV-03-3671;
19  This Document Relates To:        )   CV-03-3874; CV-03-4362; CV-03-
                                     )   4357; CV-03-4394; CV-03-4584)
20      CV-03-3671                   )
        CV-03-3874                   )   CLASS ACTION
21      CV-03-4362                   )
        CV-03-4357                   )   [PROPOSED] FINAL JUDGMENT
22      CV-03-4394                   )   AND ORDER OF DISMISSAL WITH
        CV-03-4584                   )   PREJUDICE
23                                   )
                                     )   DATE:     September 30, 2005
24                                       TIME:     1:00 p.m.
                                         COURTROOM:   The Honorable
25                                                    Mariana R. Pfaelzer
26  THIS CONSTITUTES NOTICE OF ENTRY
    AS REQUIRED BY FRCP, RULE 77(d).

DOCKETED ON CM
OCT - 7 2005
BY                  001

109

27

28

1      This matter came before the Court for hearing pursuant to the Order of this

2  Court, dated June 22, 2005, on the application of the parties for approval of the

3  settlement set forth in the Stipulation of Settlement dated as of April 25, 2005 (the

4  "Stipulation"). Due and adequate notice having been given to the Settlement Class as

5  required in said Order, and the Court having considered all papers filed and

6  proceedings had herein and otherwise being fully informed in the premises and good

7  cause appearing therefore,

8      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

9      1.    This Judgment incorporates by reference the definitions in the

10  Stipulation, and all terms used herein shall have the same meanings as set forth in the

11  Stipulation.

12     2.    This Court has jurisdiction over the subject matter of the Litigation and

13  over all parties to the Litigation, including all Members of the Settlement Class.

14     3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court

15  certifies a Settlement Class as all Persons who purchased the common stock of Blue

16  Rhino during the period from November 25, 2002 through December 16, 2002,

17  inclusive. Excluded from the Settlement Class are Defendants, their affiliates and any

18  of their officers or directors or their affiliates, and any members of the immediate

19  families of the Defendants, any entity in which any Defendant has a controlling

20  interest, and the legal representatives, heirs, successors, or assigns of any such

21  excluded party. Also excluded are those Persons who timely and validly requested

22  exclusion from the Settlement Class pursuant to the Notice of Settlement of Class

23  Action sent to the class.

24     4.    With respect to the Settlement Class, this Court finds and concludes that:

25  (a) the Members of the Settlement Class are so numerous that joinder of all Settlement

26  Class Members in the class action is impracticable; (b) there are questions of law and

27  fact common to the Settlement Class which predominate over any individual question;

28  (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class;

- 1 -

(d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that the contributions to the Settlement Fund are fair and that said settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.

6.      Except as to any individual claim of those Persons (identified on Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, this Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulation) the Litigation against the Defendants.

7.      The Court finds that the Stipulation and settlement are fair, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8.      Upon the Effective Date hereof, the Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

9.      This Judgment permanently bars and enjoins the Lead Plaintiffs and each of the Settlement Class Members, from instituting, commencing or prosecuting, either

- 2 -

1   directly, indirectly, representatively or in any other capacity, any and all Released

2   Claims in any forum against the Released Persons.

3        10.    Upon the Effective Date hereof, each of the Released Persons shall be

4   deemed to have, and by operation of this Judgment shall have, fully, finally and

5   forever released, relinquished and discharged each and all of the Lead Plaintiffs and

6   counsel to the Representative Plaintiffs from all claims (including Unknown Claims),

7   arising out of, in any way relating to, or in connection with the institution,

8   prosecution, assertion, settlement or resolution of the Litigation, or the Released

9   Claims, except claims to enforce the releases and other terms and conditions contained

10  in the Stipulation.

11       11.    The Notice of Settlement of Class Action provided to the Settlement

12  Class was the best notice practicable under the circumstances, including the individual

13  notice to all Members of the Settlement Class who could be identified through

14  reasonable effort.  Said Notice provided the best notice practicable under the

15  circumstances of those proceedings and of the matters set forth therein, including the

16  proposed settlement set forth in the Stipulation, to all Persons entitled to such notice,

17  and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of

18  Civil Procedure and the requirements of due process.

19       12.    The Lead Plaintiffs and each of the Settlement Class Members, and all

20  other Persons are hereby permanently barred and enjoined from instituting,

21  commencing or prosecuting, either directly, indirectly, representatively or in any other

22  capacity, any and all Released Claims in any forum against the Released Persons.

23       13.    Any court order regarding the Plan of Allocation or the attorneys' fee and

24  expense application shall in no way disturb or affect this Judgment and shall be

25  considered separate from this Judgment.

26       14.    Neither the Stipulation nor the settlement contained therein, nor any act

27  performed or document executed pursuant to or in furtherance of the Stipulation or the

28  settlement: (a) is or may be deemed to be or may be used as an admission of, or

- 3 -

1  evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing
2  or liability of the Defendants; or (b) is or may be deemed to be or may be used as an
3  admission of, or evidence of, any fault or omission of any of the Defendants in any
4  civil, criminal or administrative proceeding in any court, administrative agency or
5  other tribunal. Defendants may file the Stipulation and/or this Judgment in any other
6  action that may be brought against them in order to support a defense or counterclaim
7  based on principles of *res judicata*, collateral estoppel, release, good faith settlement,
8  judgment bar or reduction or any other theory of claim preclusion or issue preclusion
9  or similar defense or counterclaim. Nothing in this paragraph shall prevent the use of
10 the Stipulation by the Defendants in any litigation against their insurers.

11     15.   The Court finds that during the course of the Litigation, the Settling
12 Parties and their respective counsel at all times complied with the requirements of
13 Federal Rule of Civil Procedure 11.

14     16.   Without affecting the finality of this Judgment in any way, this Court
15 hereby retains continuing jurisdiction over: (a) implementation of this settlement and
16 any award or distribution of the Settlement Fund, including interest earned thereon;
17 (b) disposition of the Settlement Fund; (c) hearing and determining applications for
18 attorneys' fees, costs, interest and expenses (including fees and costs of experts and/or
19 consultants) in the Litigation; and (d) all parties hereto for the purpose of construing,
20 enforcing and administering the Stipulation.

21
22
23
24
25
26
27
28

17.   In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: _October 3, 2005_   _Mariana R. Pfaelzer_
                           THE HONORABLE MARIANA R. PFAELZER
                           UNITED STATES DISTRICT JUDGE

S:\Settlement\Blue Rhino set\JGT 00024031 doc

- 5 -

SCANNED

Ralph L. Cochran
PO Box 1448
Pflugerville, Tx 78691
phone: 512  252 1710

RECEIVED DDS

AUG 3 1 2005

CLAIMS CENTER

August 19, 2005
Blue Rhino Securities Litigation

Claims Administrator
c/o Gilardi & Co. LLC
PO Box 8040
San Rafael, CA 94912-8040

Purchased 500 shares of Blue Rhino Corp.  on  Oct. 28, 2002  from Harris Direct
Cost per share:  $17.81
Sold 500 shares of Blue Rhino Corp.  on   Dec 13, 2002
Price per share sold:  $17.34

I wish to be excluded from the settlement class.

Ralph L. Cochran

BRC01/Exclusion        Exhibit 1

1
6